

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

December 1, 2023

<u>By ECF</u>
Hon. Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re:    *Manchanda et al. v. Lane et al.*, 23 Civ. 7637 (NRB)

Dear Judge Buchwald:

      This Office represents (1) the Honorable Sean H. Lane ("Judge Lane"); (2) Liza Ebanks (Judge Lane's courtroom deputy); (3) Christine Azzaro and Sarah Rosenthal (Judge Lane's law clerks); (4) Jacqueline Tran (Judge Lane's former law clerk); (5) Greg Zipes (Trial Attorney, United States Trustee Program); and (6) Assistant United States Attorney Dana Walsh Kumar ("AUSA Kumar" and collectively, the "Federal Defendants"). *Pro se* plaintiffs Rahul Dev Manchanda ("Mr. Manchanda"), and his wife, Sylwia Manchanda (collectively, "Plaintiffs"), filed this action against the Federal Defendants bringing claims for purported violations of 42 U.S.C. § 1983, 42 U.S.C. § 2000ee-1, and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, as well as for malicious prosecution, abuse of process, computer trespass, conversion, and judicial bias. *See* Dkt. No. 1 (the "Complaint") ¶¶ 21–37. We respectfully write in opposition to Plaintiffs' procedurally improper and frivolous motion for sanctions. *See* Dkt. No. 35.

      As an initial matter, Plaintiffs' motion for sanctions is procedurally improper because Plaintiffs failed to comply with Rule 11's "safe-harbor" provision. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, a motion for sanctions must not be filed if the "challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). The "safe-harbor" provision is a "strict procedural requirement." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012) (citation omitted). Here, Plaintiffs did not wait the requisite 21 days after service before they filed their motion. Instead, Plaintiffs filed their motion for sanctions one day after informing the Court and the Parties regarding their intent to file such a motion. *See* Dkt. No. 34, at 2 (Plaintiffs' November 16, 2023 letter noting their intent to file sanctions); Dkt. No. 35 (Plaintiffs' November 17, 2023 motion for sanctions). Accordingly, Plaintiffs failed to comply with Rule 11's safe-harbor requirement and their motion should be denied. *See Digilytic Int'l FZE v. Alchemy Fin., Inc.*, No. 20 Civ. 4650 (ER), 2023 WL 7385813, at *2 (S.D.N.Y. Nov. 8, 2023) (denying sanctions motion because moving party "submitted no evidence that he has complied with the safe harbor provision of Rule 11(c)(2) by sending Plaintiffs a draft of the motion 21 days prior to filing the motion as required"); *Annabi v. New York Univ.*,

Case 1:23-cv-07637-NRB   Document 38   Filed 12/01/23   Page 2 of 2

Page 2

No. 22 Civ. 3795 (LJL), 2023 WL 6393422, at *23 (S.D.N.Y. Sept. 29, 2023) (denying sanctions motion because movant failed to comply with Rule 11's "safe-harbor" requirement).[1]

More fundamentally, Plaintiffs' motion for sanctions should be denied because it is frivolous. Courts generally impose sanctions for the "presentation of legal contentions and claims that are frivolous; factual contentions that lack evidentiary support; and filings made for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." *Freeman v. Stake.com*, No. 22 Civ. 7002 (RA), 2023 WL 7386354, at *1 (S.D.N.Y. Nov. 7, 2023) (citing Fed. R. Civ. P. 11(b)(1)–(3), (c)(1); internal quotation marks omitted). Further, courts exercise their discretion to impose sanctions "with restraint," *Schlaifer Nance & Co. v. Est. of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999) (citation omitted), and they "resolve all doubts in favor" of the individual who signed the filing, *Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir. 1986). Here, Plaintiffs have failed to demonstrate any basis for imposing sanctions. To the extent Plaintiffs make any legal arguments in their motion, the Federal Defendants have already addressed such issues in their brief and reply brief in support of their motion to dismiss Plaintiffs' complaint and motion for a filing injunction against Mr. Manchanda. *See* Dkt Nos. 20, 32. Otherwise, Plaintiffs' motion is yet again filled with harassing and offensive language, as well as inappropriate attacks on individuals. *See, e.g.*, *Malkan v. Mutua*, 699 F. App'x 81, 83 (2d Cir. 2017) (affirming denial of sanctions motion because the district court "reasonably found that the motion had no factual or legal basis, and was meant to harass"). Accordingly, Plaintiffs' motion should be denied.

We thank the Court for its attention to this matter.

Respectfully,

DAMIAN WILLIAMS
United States Attorney

by: */s/ Adam Gitlin*
ADAM GITLIN
Assistant United States Attorney
(212) 637-2734

cc: *Pro se* Plaintiff Rahul Dev Manchanda (via ECF)

*Pro se* Plaintiff Sylwia Ewelina Manchanda (via mail)
Manchanda Law Office PLLC
30 Wall Street
8th Floor, Suite 8207
New York, New York 10005

---

[1] Plaintiffs appear to acknowledge in their motion the existence of the "safe-harbor" provision, *see* Dkt. No. 35-1, at 3, but they fail to adhere to its requirements.