```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
RAHUL MANCHANDA AND MRS. SYLWIA
EWELINA MANCHANDA,

                 Plaintiffs,

            - against -

AUSA DANA WALSH, AUST GREGORY ZIPES,
SEAN LANE, SDNY Bankruptcy Judge,
LAW CLERK SARAH ROSENTHAL, LAW CLERK
JACQUELINE TRAN, LAW CLERK CHRISTINE
AZZARO, COURTROOM DEPUTY LIZA EBANKS,
MICHAEL DRUCKMAN, BRETT E. LEWIS, LAW
FIRM LEWIS & LIN LLC, DAVID D. LIN,
AND DR. DOUGLAS SENDEROFF,

                 Defendants.
-----------------------------------X
```

**MEMORANDUM AND ORDER**

23 Civ. 7637 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiffs Rahul Manchanda ("Mr. Manchanda") and Sylwia Manchanda (together with Mr. Manchanda, "plaintiffs") assert various federal and state claims against numerous federal employees, including a bankruptcy judge, members of the judge's staff, and two government attorneys (collectively, the "Federal Defendants"), as well as against private defendants, including a medical doctor, his lawyers, and their law firm (collectively, the "Private Defendants"). See ECF No. 1. The Federal Defendants have moved to dismiss the complaint and seek a filing injunction against Mr. Manchanda, who is a licensed attorney, barring him from instituting lawsuits in this District without leave from a

court in this District.  See ECF Nos. 19-21.  For the following reasons, the Court grants the Federal Defendants' motion to dismiss.  The Court further sua sponte dismisses the federal claims against the Private Defendants and declines to exercise supplemental jurisdiction over the remaining state law claims. Finally, the Court issues a filing injunction against Mr. Manchanda but stays the enforcement of that injunction for fourteen days to afford Mr. Manchanda the opportunity to seek appellate review of the injunction.

**BACKGROUND**

**A.    The Parties**

Mr. Manchanda is a New York licensed attorney representing himself and his wife Sylwia in the instant action.  See ECF No. 1 ("Compl.") at 1, 12.  As set forth more fully below, Mr. Manchanda is a prolific pro se litigant who has filed numerous actions in courts across this Circuit over the past decade.  Indeed, courts in this Circuit, including the Second Circuit itself, have repeatedly warned Mr. Manchanda against initiating frivolous lawsuits and filing offensive material on the courts' dockets. See ECF No. 20 ("Mot.") at 21-22 (citing cases).

The Federal Defendants are: (1) the Honorable Sean Lane ("Judge Lane"), a bankruptcy judge in the Southern District of New York; (2) Liza Ebanks, Judge Lane's courtroom deputy; (3) Christine Azzaro and Sarah Rosenthal, Judge Lane's law clerks; (4) Jacqueline Tran, Judge Lane's former law clerk; (5) Assistant United States Attorney Dana Walsh Kumar ("AUSA Kumar"); and (6) Gregory Zipes ("Trustee Zipes"), a trial attorney with the United States Trustee Program ("USTP").  See Compl. at 1-12.

The Private Defendants are: (1) Dr. Douglas Senderoff, a medical doctor based in New York City who has sued Mr. Manchanda for defamation in New York state court;[1] (2) Dr. Senderoff's attorneys, Michael Druckman, David D. Lin, and Brett E. Lewis; and (3) their law firm Lewis & Lin LLC.  Id. ¶¶ 17-19.

## B.   Bankruptcy Proceedings

This case arises from Mr. Manchanda's dissatisfaction with bankruptcy proceedings that he commenced early last year.   On February 4, 2023, Mr. Manchanda filed a voluntary petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the

---

[1] See Senderoff v. Manchanda, Index No. 152538/2019 (Sup. Ct., N.Y. Cnty.). The Court takes judicial notice of the filings in that case to "establish the fact of such litigation."  Glob. Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006).

Southern District of New York (the "Bankruptcy").  See In re: Manchanda, No. 23-22095 (SHL), ECF No. 1 (Bankr. S.D.N.Y. Feb. 4, 2023).[2]  In the Bankruptcy, Mr. Manchanda is seeking to discharge debts that he owes to numerous creditors.  See id.  Relevant here, Mr. Manchanda stated in his petition that he owes $122,957.00 in taxes to the Internal Revenue Service ("IRS") and $500,000 to the Small Business Administration ("SBA").  See id. at 23, 27.

Each and every defendant is connected to the Bankruptcy.  As for the Federal Defendants, Judge Lane is the presiding United States Bankruptcy Judge; Ms. Ebanks, Ms. Azarro, Ms. Rosenthal, and Ms. Tran are members (or former members) of Judge Lane's staff; AUSA Kumar represents the IRS and the SBA in the Bankruptcy; and Trustee Zipes is a trial attorney in the USTP assigned to the Bankruptcy.[3]  See Mot. at 5.  As for the Private Defendants, Dr. Senderoff initiated adversary proceedings in the Bankruptcy, arguing that any damages in his defamation suit are not

---

[2] The Court takes judicial notice of filings in the Bankruptcy because they are "incorporated by reference" in plaintiffs' complaint and because they are "public documents and matters of public record."  See N.Y. Pet Welfare Ass'n, Inc. v. City of New York, 850 F.3d 79, 86 (2d Cir. 2017); Casey v. Odwalla, Inc., 338 F. Supp. 3d 284, 294 (S.D.N.Y. 2018).

[3] The USTP is "the component of the Department of Justice responsible for overseeing the administration of bankruptcy cases" and helps "promote the integrity and efficiency of the bankruptcy system for the benefit of all stakeholders -- debtors, creditors, and the public."  U.S. Department of Justice, U.S. Trustee Program, https://www.justice.gov/ust (last accessed Feb. 5, 2024).  Pursuant to the Bankruptcy Code, the United States Trustee (as well as creditors) may object to a debtor's attempt to discharge debts in a bankruptcy proceeding.  See 11 U.S.C. § 727(c).

dischargeable, and he is represented in those proceedings by the attorneys at Lewis & Lin, LLC, who, along with their law firm, are named as defendants in this action.  See Bankruptcy ECF No. 11.

## C.   Procedural History

Although the Bankruptcy was and remains ongoing, on August 29, 2023, Mr. Manchanda filed the instant action against the Federal Defendants in their individual capacities and the Private Defendants, asserting federal claims under 42 U.S.C. § 1983, 42 U.S.C. § 2000ee-1, the Federal Tort Claims Act ("FTCA"), as well as state law claims for malicious prosecution, abuse of process, computer trespass, conversion, and judicial bias.[4]  Compl. ¶¶ 21-37.

Since initiating the action, Mr. Manchanda has filed a flurry letters and motions regarding perceived injustices he purports to have suffered at the hands of the Federal Defendants.  See, e.g., ECF No. 3 (regarding Judge Lane's alleged "public corruption," "racism," and "bias"); ECF No. 5 (regarding Trustee Zipes' alleged

---

[4] Plaintiffs' complaint also contains vitriolic anti-Semitic comments.  Compl. ¶¶ 4, 18.  Unfortunately, as discussed below, this was far from the first time that Mr. Manchanda has filed such offensive material on the dockets of courts in this Circuit.

"abuse" and "sabotage"); ECF No. 12 (stating, among other things, that AUSA Kumar and Trustee Zipes are "bullies").

Mr. Manchanda has also repeatedly asserted that the Private Defendants were properly served, see, e.g., ECF No. 42, but as the Clerk of Court has advised him on at least two occasions, Mr. Manchanda has not complied with the basic service requirements set forth in the Federal Rules of Civil Procedure, such as requesting a summons from the Clerk of Court, see Fed. R. Civ. P. 4(b). Despite this notice to Mr. Manchanda, the Private Defendants have still not been properly served and have not otherwise appeared in this action.

On September 29, 2023, the Federal Defendants filed a letter requesting, among other things, (1) that the Court set a deadline for their anticipated motion to dismiss on absolute immunity grounds; and (2) a pre-motion conference regarding their anticipated motion for a filing injunction against Mr. Manchanda. See ECF No. 11 at 2-4. Plaintiffs promptly filed two responsive letters opposing the requests and attacking the Assistant United States Attorney representing the Federal Defendants. See ECF Nos. 12-13. On October 5, 2023, the Court issued an order directing the Federal Defendants to first file their proposed motion to

dismiss on absolute immunity grounds "[a]s a matter of case management." ECF No. 15.

On the following day, October 6, 2023, Mr. Manchanda filed a letter requesting that the Court recuse itself from this case based at least in large part on the Court's religious affiliation. See ECF No. 16. On October 12, 2023, the Court denied Mr. Manchanda's request. See ECF No. 17.

On November 7, 2023, the Federal Defendants filed their motion to dismiss plaintiffs' complaint and for a filing injunction against Mr. Manchanda. See ECF Nos. 19-24. Plaintiffs filed a response in opposition on the same day, and the Federal Defendants filed a reply in support of their motion on November 16, 2023. See ECF Nos. 25, 32.

## DISCUSSION

### A.  Absolute Immunity

The Federal Defendants chiefly argue that plaintiffs' claims are barred by absolute immunity. Mot. at 8-14. Absolute immunity is an affirmative defense that provides "public officials entrusted with sensitive tasks a protected area of discretion within which to carry out their responsibilities." Mangiafico v.

-7-

<u>Blumenthal</u>, 471 F.3d 391, 394 (2d Cir. 2006).  The Supreme Court
has "repeatedly . . . stressed the importance of resolving immunity
questions at the earliest possible stage in litigation."  <u>Hunter
v. Bryant</u>, 502 U.S. 224, 227 (1991) (per curiam) (collecting
cases).  For this reason, courts may grant a Rule 12(b)(6) motion
to dismiss on absolute immunity grounds where facts establishing
the defense appear on the face of the complaint.  <u>See Shmueli v.
City of New York</u>, 424 F.3d 231, 236 (2d Cir. 2005).  Because the
availability of an absolute immunity defense turns on the specific
nature of the function being performed by the defendant official,
<u>see id.</u>, the Court will address the role of each Federal Defendant
in seriatim.

### 1. Judge Lane

It is well settled that judges, including judges of the United
States Bankruptcy Court, have absolute immunity for any "judicial
actions," which encompass "acts arising out, or related to,
individual cases before the judge."  <u>Bliven v. Hunt</u>, 579 F.3d 204,
209-10 (2d Cir. 2009); <u>see also Tucker v. Abram</u>, No. 92 Civ. 7724
(PKL), 1993 WL 60605, at *1 (S.D.N.Y. Mar. 1, 1993) (holding that
absolute "[j]udicial immunity extends to judges of the United
States Bankruptcy Court").  To determine whether a judge's action
is "judicial," and thus protected by absolute immunity, the Court

must examine "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Bliven, 579 F.3d at 210 (quoting Stump v. Sparkman, 435 U.S. 349, 362 (1978)).

Plaintiffs' allegations against Judge Lane all plainly relate to the performance of judicial acts. For example, plaintiffs allege that Judge Lane erred by (1) denying Mr. Manchanda's motion for a stay; (2) issuing various orders; (3) granting Mr. Manchanda's bankruptcy attorney's motion to withdraw; and (4) granting motions made by AUSA Kumar and Trustee Zipes. Compl. ¶ 17. These actions are quintessential judicial functions that are entirely consistent with any reasonable party's expectations of a judge's role in presiding over a legal proceeding. At bottom, plaintiffs take issue with Judge Lane's rulings on motions and orders, but such acts fall squarely within the realm of conduct that absolute judicial immunity is meant to protect. See, e.g., Weaver v. Schiavo, No. 09 Civ. 5091 (LAP), 2020 WL 496301, at *6 (S.D.N.Y. Jan. 30, 2020) (holding that absolute judicial immunity barred claims against judges based on allegations that included "ruling on motions" and "signing orders"), aff'd sub nom. Weaver v. OneWest Bank FSB, No. 19-3242, 2020 WL 8767781 (2d Cir. Dec. 3,

2020); <u>Buhannic v. Friedman</u>, No. 18 Civ. 5729 (RA), 2019 WL 481732, at *5 (S.D.N.Y. Feb. 7, 2019) (holding that a judge's "decisions to deny Plaintiff's various motions" were "quintessential judicial acts" protected by absolute judicial immunity).

Plaintiffs also make claims regarding Judge Lane's "judicial bias and prejudice," Compl. ¶ 36, but such conclusory allegations, which lack any degree of specificity, must be disregarded, <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Moreover, even if they could be considered, allegations of "bad faith or malice" are not enough to overcome absolute judicial immunity. <u>Mireles v. Waco</u>, 502 U.S. 9, 11 (1991); <u>see also</u> <u>Buhannic</u>, 2019 WL 481732, at *5 ("Plaintiff's allegations concerning [the judge's] purported bias against Plaintiff and her alleged collusion with defense counsel [] is conduct which courts routinely hold cannot defeat judicial immunity."). Therefore, plaintiffs' claims against Judge Lane are barred by absolute immunity.

The Court's conclusion in this regard should come as no surprise to Mr. Manchanda. In several of the myriad cases he has filed in courts across this Circuit, Mr. Manchanda's claims against judges have repeatedly been dismissed on absolute immunity grounds. <u>See, e.g.</u>, <u>Manchanda v. Emons</u>, No. 17 Civ. 127 (VLB), 2017 WL 810278, at *4 (D. Conn. Mar. 1, 2017) ("The Defendant

-10-

Judges also have absolute immunity from suit in their individual capacities, as all allegations against them arise out of their actions performed within their judicial capacities."); <u>Manchanda v. Reardon</u>, No. 23 Civ. 9292 (JPC)(KHP), 2023 WL 8879226, at *6 (S.D.N.Y. Dec. 22, 2023) (similar); <u>Manchanda v. Richardson et al.</u>, 15 Civ. 4657 (GBD), ECF No. 5 at 4 (S.D.N.Y. July 21, 2015) (similar). Plaintiffs' claims against Judge Lane fare no differently here, and thus they are dismissed in full.

### 2. Judge Lane's Staff

Plaintiffs' claims against Ms. Ebanks, Ms. Azarro, Ms. Rosenthal, and Ms. Tran -- Judge Lane's current and former law clerks and his deputy -- are likewise barred by absolute immunity. Law clerks and deputies are afforded absolute immunity "where they were performing discretionary acts of a judicial nature," including "assisting the judge in carrying out judicial functions." <u>Olivia v. Heller</u>, 839 F.2d 37, 39-40 (2d Cir. 1988); <u>see also</u> <u>Mendez v. Johnson</u>, No. 22 Civ. 6811 (LTS), 2022 WL 3587600, at *2 (S.D.N.Y. Aug. 22, 2022) (finding that absolute immunity extends to "clerks of court and other court employees, for their acts that assist a judge in the performance of his or her judicial duties").

Plaintiffs' complaint does not contain a single allegation concerning the conduct of Judge Lane's law clerks or deputy. Indeed, the sole reference to these defendants is in the complaint's caption.  See Compl. at 1.  And, even though the Federal Defendants' made the same observation in their opening brief, Mot. at 11, plaintiffs made no attempt in their opposition brief to explain how Judge Lane's law clerks and deputy violated the law or otherwise harmed them.  On this basis alone, plaintiffs' claims against Ms. Ebanks, Ms. Azzaro, Ms. Rosenthal, and Ms. Tran are dismissed.  See Reyes v. City of New York, 992 F. Supp. 2d 290, 300 (S.D.N.Y. 2014) ("[W]here the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted.").

In any event, to the extent that plaintiffs bring claims against Judge Lane's staff members for their work assisting Judge Lane in carrying out his judicial functions, such claims are clearly barred by absolute immunity.  See Jackson v. Pfau, 523 F. App'x 736, 737 (2d Cir. 2013) (affirming dismissal of claims against, among others, judicial law clerks on judicial immunity grounds because plaintiff's allegations "concerned actions that

were judicial in nature or closely related to the judicial process"); Olivia, 839 F.2d at 40 (affirming dismissal of claims against law clerks on absolute immunity grounds because "for purposes of absolute immunity, judges and their law clerks are as one."). For this additional reason, plaintiffs' claims against Ms. Ebanks, Ms. Azzaro, Ms. Rosenthal, and Ms. Tran are dismissed.

### 3. AUSA Kumar

Plaintiffs' claims against AUSA Kumar are also barred by absolute immunity. "As a general principle, a government attorney is entitled to absolute immunity when functioning as an advocate of the state in a way that is intimately associated with the judicial process." Mangiafico, 471 F.3d at 396. This general principle has been expanded to include "the functions of a government attorney that can fairly be characterized as closely associated with the conduct of litigation or potential litigation in civil suits -- including the defense of such actions." Id. (internal quotations omitted).

Plaintiffs' only allegations against AUSA Kumar are that, on behalf of the IRS and the SBA, two of Mr. Manchanda's creditors, AUSA Kumar sought an extension of time to object to discharge in the Bankruptcy proceeding and sought discovery from Mr. Manchanda.

See Compl. ¶ 20.  However, such conduct is part and parcel of AUSA Kumar's responsibilities as counsel representing the interests of the IRS and SBA in the Bankruptcy.  See Brown v. Trust, No. 22 Civ. 6852 (EK)(AYS), 2023 WL 3092712, at *1 (E.D.N.Y. Apr. 26, 2023) (finding that government attorney was absolutely immune for actions "relate[d] to [his] defense" of a federal agency in a bankruptcy proceeding).  Accordingly, plaintiffs' claim against AUSA Kumar is dismissed on absolute immunity grounds.

### 4. Trustee Zipes

Finally, plaintiffs' claims against Trustee Zipes, who is an attorney with the USTP, are barred by absolute immunity.  Like AUSA Kumar, Trustee Zipes is entitled to absolute immunity because the claims against him relate exclusively to his work as a government attorney in the Bankruptcy.

Furthermore, as an employee and representative of the UST in the Bankruptcy, Trustee Zipes "enjoy[s] absolute immunity so long as he does not act in the clear absence of all jurisdiction, or at least acts under the supervision of the bankruptcy judge." Reisner v. Stoller, 51 F. Supp. 2d 430, 446 (S.D.N.Y. 1999).  However, plaintiffs' only allegations against Trustee Zipes, like those against AUSA Kumar, concern his requests for an extension of time

-14-

and for discovery from Mr. Manchanda.  <u>See</u> Compl. ¶ 20.  This is precisely the type of conduct that a bankruptcy judge would expect, and in fact demand, of a trustee.  Indeed, plaintiffs expressly acknowledge that Trustee Zipes' conduct in seeking discovery was "sanctioned and approved" by the bankruptcy judge, <u>id.</u>, and thus it is clear on the face of the complaint that Trustee Zipes was acting under the judge's supervision.  As such, plaintiffs' claims against Trustee Zipes are barred by absolute immunity.  <u>See</u> <u>Reisner</u>, 51 F. Supp. 2d at 446 (holding that a bankruptcy trustee was entitled to absolute immunity from suit where the trustee "had a duty" to file the challenged motion and the "propriety of filing the motion and its merits were duly considered" by the bankruptcy judge).

In sum, all of plaintiffs' claims against the Federal Defendants are barred by absolute immunity and are thus dismissed in full on that basis.

**B.  Claims Against the Private Defendants**

As discussed above, plaintiffs assert the same federal and state law claims against the Private Defendants that they do against the Federal Defendants.  <u>See</u> Compl. ¶¶ 18-19, 21-37. Having reviewed the complaint, the Court <u>sua sponte</u> dismisses

plaintiffs' <u>federal</u> claims against the Private Defendants.   The
Second Circuit has recognized that "[a] district court has the
inherent authority to dismiss a frivolous complaint <u>sua sponte</u>
even when the plaintiff has paid the required filing fee." <u>Houston</u>
<u>v. Manheim-New York</u>, 475 F. App'x 776, 779 (2d Cir. 2021) (quoting
<u>Fitzgerald v. First E. Seventh St. Tenants Corp.</u>, 221 F.3d 362,
264 (2d Cir. 2000)).   A claim is frivolous when it "lacks an
arguable basis either in law or in fact." <u>Neitzke v. Williams</u>,
490 U.S. 319, 324-25 (1989), <u>abrogated on other grounds by</u> <u>Bell</u>
<u>Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007).   Here, each of the
federal claims against the Private Defendants are patently
frivolous.

First, plaintiffs assert a § 1983 claim against the Private
Defendants.   <u>See</u> Compl. ¶ 22.   However, that claim is facially
defective because the Private Defendants are not "state actor[s]"
and are not alleged to have engaged in any sort of "state action"
as is required to state a claim under § 1983. <u>Dawkins v. Biondi</u>
<u>Educ. Ctr.</u>, 164 F. Supp. 3d 518, 524-25 (S.D.N.Y. 2016).   Second,
plaintiffs' claim under 42 U.S.C. § 2000ee-1 fails because, as Mr.
Manchanda has been advised by other courts in this District,
"[t]here is no private right of action" under that statute.
<u>Reardon</u>, 2023 WL 8879226, at *4 (citing cases).   Finally,

-16-

plaintiffs assert an FTCA claim, but "the FTCA operates to hold agents of the United States Government liable -- it does not create a private right of action against private individuals or entities," and therefore "it is impossible to hold [private] Defendants liable under the FTCA." Fanning v. Nat'l Grid/Keyspan, No. 14 Civ. 3537 (WFK)(LB), 2015 WL 13022195, at *2 (E.D.N.Y. Apr. 15, 2015). As is clear, plaintiffs' federal claims against the Private Defendants lack any basis in law or fact, and therefore are properly dismissed sua sponte.

In light of the foregoing, the only claims that remain are plaintiffs' state law claims against the Private Defendants. A district court may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Where, as here, "all federal claims are dismissed, district courts should generally decline to exercise supplemental jurisdiction over pendent state law claims." Fisk v. Letterman, 501 F. Supp. 2d 505, 528 (S.D.N.Y. 2007). Because the pertinent factors weigh strongly against the exercise of supplemental jurisdiction over plaintiffs' remaining state law claims against the Private Defendants, the Court dismisses those claims without prejudice to renewal in the appropriate state court.

-17-

**C.   Filing Injunction**

The Court next addresses the Federal Defendants' request for the issuance of a filing injunction against Mr. Manchanda, which would bar him from filing lawsuits in this District without prior permission.  See Mot. at 20.  In determining whether or not to restrict a litigant's future access to the courts, the court must consider:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Eliahu v. Jewish Agency for Israel, 919 F.3d 709, 714 (2d Cir. 2019).  Here, each of these factors weigh heavily in favor of issuing a filing injunction against Mr. Manchanda.

First, Mr. Manchanda has a long and well-documented history of filing vexatious and harassing lawsuits.  See Manchanda v. Matties, No. 18 Civ. 11092 (PGG), 2020 WL 1940668, at *3 (S.D.N.Y. Apr. 22, 2020) ("In recent years, numerous lawsuits brought by [Mr. Manchanda] have been dismissed as frivolous." (citing cases)).  Indeed, courts within this District have warned Mr.

Manchanda for many years -- as far back as 2015 -- that a filing injunction would issue if he continued instituting frivolous actions.  See, e.g., Manchanda v. Attorney Grievance Comm. for the First Judicial Dep't, 23 Civ. 3356 (JLR), 2023 WL 3091787, at *2 (S.D.N.Y. Apr. 26, 2023) (noting that Mr. Manchanda has been "warned [of] the continued filing of frivolous or meritless lawsuits would result in an order . . . barring [him] from filing any new action in this Court without prior permission"); Matties, 2020 WL 1940668, at *3 ("[Manchanda] has repeatedly been warned that he will be barred from filing suit in this District if he continues to file frivolous actions"); Manchanda v. Rosenberg, 16 Civ. 2218 (ALC), ECF No. 26 at 5 n.2 (S.D.N.Y. Dec. 27, 2016) ("The Court will remind Mr. Manchanda one last time that he will be barred from filing suit in this Court if he continues to file frivolous action."); Manchanda v. Bose, No. 15 Civ. 2313 (VSB), ECF No. 3 at 8-9 (S.D.N.Y. Apr. 16, 2015) ("[Mr. Manchanda] is warned that the continued filing of frivolous or meritless lawsuits will result in an order barring [him] from filing any new action in this Court without prior permission.  This warning is necessary in light of [his] continuing filing of these types of frivolous and meritless submissions.").

The Second Circuit has similarly made clear that Mr. Manchanda would be subject to a filing injunction should he continue to commence meritless actions.  See, e.g., Manchanda v. Senderoff, No. 21-1909, 2022 WL 1667261, at *1 (2d Cir. Mar. 24, 2022) ("[Mr. Manchanda] is hereby warned that the continued filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers in this Court could result in the imposition of sanctions, including a leave-to-file sanction that would require Appellant to obtain permission from this Court prior to filing any further submissions in this Court.");[5] Manchanda v. Acosta, No. 23-61, ECF No. 43 (2d Cir. Apr. 12, 2023) ("We again warn [Mr. Manchanda]: Any further filing of duplicative, vexatious, or clearly meritless appeals, motions or other papers in this Court will likely result in a leave-to-file sanction, barring any further submissions in this Court without permission.").

---

[5] The Second Circuit in Senderoff further noted that Mr. Manchanda made filings that contain "racist and anti-Semitic comments."  Senderoff, 2022 WL 1667261, at *1.  The Circuit also observed that Mr. Manchanda had done so in the past and warned him that "the use of any similar language in future filings in this Court will result in sanctions, regardless of whether the filing is otherwise duplicative, vexatious, or meritless."  Id.; see also Manchanda v. Lewis, No. 21-1088, 2021 WL 5986877, at *6 (2d Cir. Dec. 17, 2021) ("[W]e would be remiss if we did not note in the strongest terms our disapproval of portions of Mr. Manchanda's pro se opposition in the district court to the defendants' motion to dismiss insofar as it is burdened by multiple racist and anti-Semitic attacks on, among many others, the district court and magistrate judges who decided the case, and the Assistant United States Attorney who represented the government in these proceedings.").

Despite these clear and consistent warnings over a span of nearly a decade, Mr. Manchanda has continued to institute baseless lawsuits.  In the last year alone, Mr. Manchanda filed at least four additional lawsuits or appeals in this Circuit, including the instant action, that were found to be meritless.  See Manchanda v. Acosta, No. 23-61, ECF No. 43 (2d Cir. Apr. 12, 2023); Manchanda v. Reardon, No. 23 Civ. 9292 (JPC)(KHP), 2023 WL 8879226 (S.D.N.Y. Dec. 22, 2023);[6] Manchanda v. Attorney Grievance Comm. for the First Judicial Dep't, 23 Civ. 3356 (JLR), 2023 WL 3091787 (S.D.N.Y. Apr. 26, 2023).[7]  In light of this well-established pattern and practice of instituting frivolous lawsuits, even in the face of strong admonishments, the first factor weighs decisively in favor of issuing a filing injunction against Mr. Manchanda.

Addressing the second factor, Mr. Manchanda cannot have an objective good faith expectation of prevailing in this litigation.

_____

[6] On February 1, 2024, Judge Cronan dismissed sua sponte Mr. Manchanda's remaining claims in Reardon, finding them "patently without merit" and noting that Mr. Manchanda's actions "have not improved" despite the many warnings he has received.  See ECF No. 61 at 29 (Feb. 1, 2024).

[7] Even more, in October 2023, Mr. Manchanda filed yet another lawsuit in this District against various state court judges, clerks, and the New York Attorney General, once again asserting claims under 42 U.S.C. §§ 1983 and 2000ee-1.  Manchanda v. Wang et al., 23 Civ. 9403 (JHR), ECF No. 1 (S.D.N.Y. Oct. 26, 2023).  While that court has not yet addressed the merits of Mr. Manchanda's claims, his lawsuit caused the New York Attorney General to seek a filing injunction against him.  See id. ECF Nos. 34-36 (S.D.N.Y. Dec. 22, 2023).  And, in December 2023, Mr. Manchanda brought two additional cases in this District seeking to appeal orders from the ongoing Bankruptcy. See In Re Rahul Dev Manchanda, No. 23 Civ. 11286 (NSR) (S.D.N.Y.); In Re Rahul Dev Manchanda, No. 23 Civ. 11308 (CS) (S.D.N.Y.).

For example, even he were not an attorney, Mr. Manchanda has been made well aware that judges are afforded absolutely immunity from suit, yet nonetheless he asserts various claims in this action against Judge Lane.  See, e.g., Bose, 15 Civ. 2313 (VSB), ECF No. 3 at 4-5 (S.D.N.Y. Apr. 16, 2015) (dismissing Mr. Manchanda's claims against judges on absolute immunity grounds).  In a similar vein, Mr. Manchanda brings a claim here under 42 U.S.C. § 2000ee-1 despite having been advised, on multiple occasions, that "the statute does not create a private right of action."  See, e.g., Manchanda v. Lewis, 20 Civ. 1773 (GBD), ECF No. 51 at 5 (S.D.N.Y. Mar. 30, 2021).  Continued reliance on causes of action which have been found meritless precludes a finding of a good faith expectation on Mr. Manchanda's part that he could prevail in this suit.  To the contrary, Mr. Manchanda's conduct reveals that his motivations in bringing this action lie elsewhere, namely to (1) re-litigate issues adjudicated in the Bankruptcy, see id. ¶ 17; and (2) circumvent the bankruptcy court's orders, see ECF No. 7 (filing a document in this case that had already been stricken from the Bankruptcy's docket).

Next, although he appears pro se, Mr. Manchanda is a licensed attorney and therefore is not entitled to the "special solicitude" normally extended to pro se litigants as reflected in the third

factor.  <u>Zappin v. Cooper</u>, No. 20 Civ. 2669 (ER), 2022 WL 985634, at *9 (S.D.N.Y. Mar. 31, 2022).  Thus, this factor also weighs in favor of issuing a filing injunction.

Fourth, Mr. Manchanda's relentless litigation has satisfied the fourth factor by causing the many parties he has sued to incur substantial expenditures of time, resources, and energy in defending against his meritless claims.  Of course, it has also imposed substantial burdens on the courts, which must process, evaluate, and decide every one of Mr. Manchanda's myriad lawsuits no matter how frivolous they are.  Accordingly, this factor weighs strongly in favor of issuing a filing injunction.  <u>See</u> <u>id.</u> (issuing a filing injunction where plaintiff's litigation had "imposed substantial and continuing burdens on the courts").

Finally, there are no lesser sanctions available that would protect the courts and the other parties from Mr. Manchanda's tactics.  For many years, Mr. Manchanda has flouted warnings issued by the Second Circuit and courts in this District and continued to file baseless and offensive lawsuits without regard to the significant burdens they impose on the courts and the parties.  And, as his latest three lawsuits filed at the end of 2023 demonstrate, Mr. Manchanda shows no signs of suspending his litigation campaign as long as he is allowed to continue filing.

Therefore, each of the five factors counsel strongly in favor of issuing a filing injunction, and thus the Court grants the Federal Defendants' request for such an injunction and will issue a separate bar order concurrent with the filing of this Memorandum and Order.

As to the scope of the injunction, the Court deems it appropriate to prohibit Mr. Manchanda from filing any lawsuits in this District without leave of court.[8]  In order to obtain leave to file a new action, Mr. Manchanda must (1) file with the proposed complaint or notice of removal a motion captioned "Motion Pursuant to Court Order Seeking Leave to File"; (2) attach as an exhibit a copy of both this Memorandum and Order as well as the accompanying bar order; (3) certify via declaration or sworn affidavit that the claim he wishes to present is a new claim that he has never before raised in any court; (4) identify by listing the full caption of every suit he has previously brought in any New York state or federal court against any defendant to the suit he wishes to file or remove; and (5) provide a copy of each such complaint and a certified record of its disposition.  Should Mr. Manchanda violate

---

[8] This injunction also applies to an action in which Mr. Manchanda is a plaintiff that is removed to federal court from state court pursuant to any federal removal statute as set forth more fully in the separately issued filing injunction order.

the Court's order by commencing an action without first filing a motion for leave to file in accordance with the requirements set forth above, the action will be subject to summary dismissal.[9]

This filing injunction against Mr. Manchanda is in line with others the Second Circuit has routinely affirmed. See, e.g., Shah v. United States, No. 22-777, 2022 WL 17747787, at *1-2 (2d Cir. Dec. 19, 2022) (affirming district court's order dismissing an action pursuant to a substantially similar filing injunction); Brady v. Goldman, 714 F. App'x 63, 64 (2d Cir. 2018) (affirming district court's entry of a filing injunction requiring litigant "to seek permission before filing any additional suits pertaining to his prior state court litigation"); Robert v. Dep't of Justice, 439 F. App'x 32, 35 (2d Cir. 2011) (affirming district court's order enjoining litigant from filing a certain category of actions without leave of court given his "history of filing vexatious, burdensome, and meritless" suits of that type).  Accordingly, the Court's filing injunction falls well within the parameters of injunctions that the Second Circuit has upheld.

---

[9] Mr. Manchanda is warned that the continued submission of frivolous or offensive material may also result in the imposition of additional sanctions, including monetary penalties.

**D.    Stay Enforcement of the Injunction**

Finally, having issued a filing injunction against Mr. Manchanda, the Court in its discretion enters a temporary stay for a period of fourteen days from the entry of the accompanying order to allow Mr. Manchanda to seek appellate review in the Second Circuit.

<u>CONCLUSION</u>

For the foregoing reasons, the Federal Defendants' motion to dismiss is granted in full.  Furthermore, the Court dismisses <u>sua sponte</u> plaintiffs' federal law claims against the Private Defendants and declines to exercise supplemental jurisdiction over the remaining state law claims.  The Court also issues a filing injunction against Mr. Manchanda and will enter a separate order to that effect concurrent with the filing of this memorandum and order.  However, the Court stays the enforcement of that injunction for fourteen days to allow Mr. Manchanda to seek appellate review.

The Clerk of Court is respectfully directed to terminate the motions pending at ECF Nos. 19, 35, 42, and 49 and close this case.[10]

**SO ORDERED.**

Dated:      February 5, 2024
            New York, New York

_____
        NAOMI REICE BUCHWALD
   UNITED STATES DISTRICT JUDGE

---

[10] Mr. Manchanda's motion for sanctions against the Assistant United States Attorney representing the Federal Defendants in this action, ECF No. 35, and his motions regarding the Private Defendants' failure to appear, ECF Nos. 42, 49, are denied as frivolous and harassing.